# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 08-cr-30126-JPG |
| HERIBERTO TORRES-RODRIGUEZ, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the government's motion to change the venue of the trial of this case from Benton, Illinois, to East St. Louis, Illinois (Doc. 35). The government asks for the East St. Louis venue because it is more convenient for the alleged minor victim and the government witnesses and is no less convenient for defendant Heriberto Torres-Rodriguez. The defendant objects to the change of venue (Doc. 39) on the grounds that there has been extensive and prejudicial media coverage of this case in the East St. Louis area and that a trial in Benton, which is less than a two-hour drive from East St. Louis, is manageable, although it may be less convenient.

Federal Rule of Criminal Procedure 18 states, in pertinent part, "The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." The Court has substantial discretion to balance the competing interests and decide the place of trial. *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985); Fed. R. Crim. P. 18 advisory committee's note to 2008 amendment.

It is clear that East St. Louis is clearly more convenient for the alleged child victim, who resides and attends school far closer to East St. Louis than to Benton, and for a majority of the

government's witnesses, some of whom work close to East St. Louis and others of whom will be flying into the St. Louis International Airport from Florida.[1] The defendant has not named any witnesses for whom a Benton trial would be more convenient, and he himself is incarcerated and will be transported to the trial at government expense no matter where the trial is located. While the defendant maintains it would be more convenient for his interpreter to try the case in Benton, the Court does not give great weight to the convenience of an interpreter when interpreters are generally available near both locations. The Court is further mindful that the defendant's alleged illegal interstate travel began in St. Clair County, Illinois, which is where the East St. Louis Courthouse is located.

Furthermore, the Court does not believe the publicity this case received in the metropolitan St. Louis area, including St. Clair County, would prevent the defendant from having a fair and impartial trial in East St. Louis. A defendant can establish impermissible prejudice by showing actual prejudice, that is, where jurors are exposed to pretrial publicity such that they can not judge a case impartially, or presumed prejudice, where the case is "surrounded by a 'carnival atmosphere,' where 'pervasive and inflammatory pretrial publicity' makes juror bias inevitable." *United States v. Nettles*, 476 F.3d 508, 513 (7th Cir. 2007) (Rule 21(a) interdistrict change of venue context) (quoting *United States v. Peters*, 791 F.2d 1270, 1296 (7th Cir. 1986), *superseded on other grounds as stated in United States v. Guerrero*, 894 F.2d 261, 267 (7th Cir. 1990)).

The Court has reviewed the publicity described and included in the defendant's brief and does not believe it reflects the type of "pervasive and inflammatory pretrial publicity" that gives rise to a presumption of prejudice. While the coverage was pervasive in May 2008, when the

---

[1] The St. Louis International Airport is approximately 15 miles from the East St. Louis Courthouse and 110 miles from the Benton Courthouse.

alleged illegal interstate travel occurred, it appears that coverage dissipated thereafter. While articles may still be available on the internet to someone actively searching for them, the defendant has not pointed to any recent (within the last eight months) media coverage. This is not the "carnival atmosphere" that produces presumed prejudice.

Furthermore, the Court doubts that the jury will actually be prejudiced by the pretrial publicity. First, juries for cases tried in East St. Louis are selected from eleven counties, not just those in St. Clair County or the metropolitan St. Louis area where the media coverage appears to have been the heaviest. A fair number of them are likely not to have seen any substantial publicity. Second, the Court will question the venire to ferret out those who have been exposed to pretrial publicity and to ensure that any who have are able to set that exposure aside and decide the case fairly and impartially based on the evidence presented at trial. If they cannot, they will be excused. Finally, the Court will instruct the jurors at the close of the case that they should disregard anything they may have seen or heard outside the courtroom, including any press, radio, or television reports, and that such reports are not evidence and must not influence their verdict. The Court is confident that with these precautionary measures it will be able to seat a jury that can fairly and impartially decide the defendant's case.

For these reasons, the Court **GRANTS** the government's motion to change the trial venue from Benton to East St. Louis (Doc. 35). If a suppression hearing is held, it will be in East St. Louis. All other pretrial hearings will be in Benton, Illinois, unless the Court notifies the parties otherwise.

**SO ORDERED.**
**Dated this 24th day of February, 2009.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**