UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 08-cr-30126-JPG |
| HERIBERTO TORRES-RODRIGUEZ, | |
| Defendant. | |

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant Heriberto Torres-Rodriguez's motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 115). The Government has filed a motion to dismiss Torres-Rodriguez's motion for failure to exhaust administrative remedies (Doc. 123). The defendant did not respond to the Government's motion to dismiss, although he was given an opportunity to do so.

Because it was not clear from the defendant's motion for compassionate release whether he had exhausted his remedies as set forth in the statute before filing the motion, the Court ordered the defendant to submit evidence that he had satisfied the exhaustion requirement (Doc. 117). The defendant responded with evidence he requested relief from the warden of his institution, but it appeared he did not wait long enough after the request to file his pending motion (Doc. 120). Because his response did not reflect proper exhaustion, the Court gave the Government an opportunity to raise exhaustion as a defense before moving to the merits of the defendant's motion (Doc. 121). The Government filed the pending motion to dismiss for failure to exhaust (Doc. 123).

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing

the Director of the Bureau of Prisons ("BOP") to so move.  First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *see United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).  The failure to exhaust is an affirmative defense that must be asserted by the Government or will be waived.  *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

The exhaustion of remedies portion of this statute provides that the defendant may file a motion for compassionate release after the earlier of two events:   (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days.  Thus, the Court asks whether the defendant waited 30 days after the warden received

2

his request before filing his motion.

The 30-day period is a mandatory claim-processing rule that must be enforced by the Court if the Government raises it.  *Sanford*, 986 F.3d at 782.  Although the Court has the power to waive some exhaustion requirements, it cannot waive this one because it was specifically mandated by Congress in the statute.  *Id.* (noting that "may not modify a term of imprisonment" is language of a mandatory claim-processing rule that must be enforced); *see McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (PLRA exhaustion requirement); *Ross v. Blake*, 578 U.S. 632, 638-39 (2016) (same).

Additionally, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release.  *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).  Otherwise the warden is not equipped to properly consider the defendant's request.

Thus, where an inmate has not satisfied either option for exhausting his administrative remedies for compassionate release—citing the same "extraordinary and compelling" reasons in his motion—*before* filing his motion, the Court must deny the defendant's motion without prejudice to another motion filed *after* exhaustion.  *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).

Torres-Rodriguez had not exhausted his administrative remedies when he filed his motion.  On August 29, 2024, he submitted a request to the warden of his institution to move for his compassionate release.  However, Torres-Rodriguez mailed his motion for compassionate release on or about September 3, 2024 (see postmark on envelope of Doc. 115) and the Court

docketed it on September 9, 2024, well before 30 days had passed after his request to the warden. It is clear that Torres-Rodriguez filed his motion for compassionate release before completing either of the methods for exhaustion listed in the First Step Act, so his motion is premature.

The Court is sympathetic to Torres-Rodriguez's position that the 30 days have now passed so the Court should entertain his motion, but Congress has not authorized the Court to do this, opting instead to give the BOP 30 days exclusively to consider an inmate's request *before* the inmate can file his own motion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (holding that under PLRA, "the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment").

Additionally, the defendant has failed to object to the Government's request for dismissal for failure to exhaust administrative remedies, and dismissal at this stage would be without prejudice to another motion after the defendant exhausts.

For these reasons, the Court **GRANTS** the Government's motion to dismiss (Doc. 123) and **DISMISSES without prejudice** Torres-Rodriguez's motion for compassionate release (Doc. 115).   Torres-Rodriguez may file a new motion for compassionate release after exhausting his administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED.**
**DATED:   November 7, 2024**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**